NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMIE MICKELSON
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: jamie.mickelson@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN LUIS SOSA TAMAYO,<br><br>ADRIAN LEYVA TAMAYO,<br><br>DAYNER MANUEL ALARCON RODRIGUEZ,<br><br>ALEN BOUCOURT DIAZ, and<br><br>FRANCISCO RODRIGUEZ GONZALEZ,<br><br>    Defendants. | Case No. 2:20-cr-194-JAD-DJA<br><br>**Stipulation for a Protective Order** |

The parties, including Plaintiff, the United States of America, and Defendants Juan Luis Sosa Tamayo, Adrian Leyva Tamayo, Dayner Manuel Alarcon Rodriguez, Alen Boucourt Diaz, and Francisco Rodriguez Gonzalez (hereinafter each a "Participating Party," and collectively, the "Participating Parties"), respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to

this case, any documents, recordings, or other tangible things produced by the Government during discovery, containing personal identifying information and financial records of the defendants and third parties. The parties state as follows:

1. An indictment was returned by the grand jury on August 5, 2020, charging the defendants with Conspiracy, in violation of Title 18, United States Code, Section 371, Use of Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(2), Possession of Fifteen or More Counterfeit or Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(3), and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A. (ECF No. 1).

2. The Government desires and intends to produce discovery as soon as possible.

3. The indictment in this case alleges a criminal conspiracy and scheme and plan to steal financial information, namely credit and debit card account numbers, through the use of skimming devices placed at various point of sale terminals in and around Nevada and California. The discovery is voluminous in this case and involves records obtained from financial institutions, including account information of financial accounts belonging to victims of the scheme, as well as personal identifying information of the defendants in this matter (the "Protected Information.") The "Protected Information" is subject to this protective order.

4. The Government believes this order is necessary as the dissemination of the "Protected Information," could endanger the privacy and financial information of victims, as well as the various defendants.

5. In order to protect the privacy of the third parties and the defendants, the Participating Parties intend to restrict access to the following individuals: the Participating

Parties, attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

   b. allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

   c. use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

   d. attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

7. Nothing in this stipulation is intended to restrict the Participating Parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice. Nothing in this stipulation is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. In the event of an inadvertent disclosure of the Protected Information, the Participating Party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

    c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. Notify the Court in writing under seal.

//
//
//
//
//
//
//
//
//
//
//
//

10. The Participating Parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

Respectfully submitted,

For the United States:

NICHOLAS A. TRUTANICH
United States Attorney

By: */s/ Jamie Mickelson*
JAMIE MICKELSON
Assistant United States Attorney

For the Defendants:

*/s/ Daniel Hill*
Daniel Hill, Esq.
Counsel for Juan Luis Sosa Tamayo and Adrian Leyva Tamayo

*/s/ Ben Nadig*
Ben Nadig, Esq.
Counsel for Francisco Rodriguez Gonzalez

*/s/ Lance Maningo*
Lance Maningo, Esq.
Counsel for Dayner Manuel Alarcon Rodriguez

*/s/ Gabriel Grasso*
Gabriel Grasso, Esq.
Counsel for Alen Boucourt Diaz

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JUAN LUIS SOSA TAMAYO,<br><br>ADRIAN LEYVA TAMAYO,<br><br>DAYNER MANUEL ALARCON RODRIGUEZ,<br><br>ALEN BOUCOURT DIAZ, and<br><br>FRANCISCO RODRIGUEZ GONZALEZ,<br><br>            Defendants. | Case No. 2:20-cr-194-JAD-DJA<br><br>**Protective Order** |

Based upon the Stipulation of counsel, and for good cause shown, it is hereby ORDERED as follows:

1. The parties, including Plaintiff, the United States of America, and Defendants Juan Luis Sosa Tamayo, Adrian Leyva Tamayo, Dayner Manuel Alarcon Rodriguez, Alen Boucourt Diaz and Francisco Rodriguez Gonzalez, (hereinafter each a "Participating Party," and collectively, the "Participating Parties"), request for a Protective Order is GRANTED.

2. An indictment was returned by the grand jury on August 5, 2020, charging the defendants with Conspiracy, in violation of Title 18, United States Code, Section 371, Use of Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(2), Possession of Fifteen or More Counterfeit or Unauthorized Access Devices, in

violation of Title 18, United States Code, Section 1029(a)(3), and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A. (ECF No. 1).

3. The Government desires and intends to produce discovery as soon as possible.

4. The indictment in this case alleges a criminal conspiracy and scheme and plan to steal financial information, namely credit and debit card account numbers, through the use of skimming devices placed at various point of sale terminals in and around Nevada and California. The discovery is voluminous in this case and involves records obtained from financial institutions, including account information of financial accounts belonging to victims of the scheme, as well as personal identifying information of the defendants in this matter (the "Protected Information.") The "Protected Information" is subject to this protective order.

5. The Government believes this order is necessary as the dissemination of the "Protected Information," could endanger the privacy and financial information of victims, as well as the various defendants.

6. In order to protect the privacy of the third parties and the defendants, the Participating Parties intend to restrict access to the following individuals: the Participating Parties, attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

7. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other

person of the "Protected Information" in this case;

    b.    allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

    c.    use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d.    attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

8. Nothing in this Order is intended to restrict the Participating Parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice. Nothing in this stipulation is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10. In the event of an inadvertent disclosure of the Protected Information, the Participating Party making or learning of the inadvertent disclosure will immediately:

    a.    Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b.    Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

      c.      Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

      d.      Notify the Court in writing under seal.

**IT IS SO ORDERED**

This __20th__ day of __August__, 2020.

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

9