UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br><br>v.<br><br>Adrian Leyva Tamayo,<br><br>  Defendant | Case No.: 2:20-cr-00194-JAD-DJA<br><br>**Order Overruling Objection to Magistrate Judge's Order**<br><br>[ECF No. 78] |

Adrian Leyva Tamayo stands accused of conspiracy, using unauthorized access devices, and aggravated identity theft under 18 U.S.C. §§ 371, 1028A(a)(1), 1029(a)(2).[1]  Both Magistrate Judge Daniel Albregts and I have repeatedly determined that he is ineligible for release from pretrial detention because he poses a flight risk and an economic danger to the community.[2]  But Tamayo believes those rulings were in error, and he objects to the magistrate judge's most recent order denying his motion to reopen his pretrial-detention hearing on the basis of new evidence about his propensity to flee the country.[3]  I overrule his objection because the magistrate judge correctly determined that Tamayo failed to present new, material evidence that might warrant his pretrial release.

## Discussion

Under 18 U.S.C. § 3142(f)(2)(B), a pretrial-detention hearing may be "reopened" if the movant presents new information that (1) "was not known to the movant at the time of the hearing" and (2) "has a material bearing" on the conditions of release or detention.  The district

---

[1] ECF No. 3.

[2] ECF Nos. 30, 66, 75.

[3] ECF No. 78.

court reviews a magistrate judge's denial of a § 3142 motion de novo, independently determining whether pretrial detention remains warranted.[4] Local Rule IB 3-2(b) only requires de novo consideration of specific objections. The standard for reviewing unobjected-to sections is left to the district judge's discretion.[5] Because Tamayo exclusively challenges the magistrate judge's decision not to reopen his pretrial-detention hearing on the basis of new evidence, I evaluate only that issue.

Tamayo has failed to make the case to (yet again) reopen his pretrial-detention hearing—much less to warrant his release. Evidence that Tamayo knew of forthcoming federal charges, yet did not flee the country, is not new information previously unknown or "unavailable to him at the time of his detention hearing."[6] Tamayo, in fact, argued extensively about his awareness of those charges during his prior hearing, asserting repeatedly that he was not a flight risk because he had not fled before.[7] Thus, his "new" evidence merely buoys his earlier arguments, rehashing claims that he could, and did, leverage before the court on prior occasions.[8] So I agree with the magistrate judge and find that Tamayo has failed to present information that was "not known to the movant" that might require reopening his detention hearing.

---

[4] *C.f., United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990) (noting that review of a § 3145 pretrial-detention determination must be made "de novo," and that "[the court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference").

[5] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

[6] *United States v. Dermen*, 779 F. App'x 497, 501 (10th Cir. 2019) (internal quotation marks omitted).

[7] ECF Nos. 78; 58-1 ("If he wanted to flee, he would have done so knowing that he was arrested on these [charges] and they were dismissed because of a federal investigation.").

[8] *Dermen*, 779 F. App'x at 501.

Even if evidence of his knowledge were new, it would not materially alter this court's decision to deny Tamayo pretrial release.  All three times that Tamayo has sought release, the magistrate judge and I have confirmed that the weight of the evidence against him; his repeated violations of supervised release, which includes the violations that led to his current charges; his past criminal behavior; and his pattern of committing financial fraud indicate that he poses a flight risk and economic danger to the community.[9]  The fact that he did not flee, despite having the opportunity to do so, does not outweigh these considerations.  So I overrule his objection on this basis as well.

## Conclusion

IT IS THEREFORE ORDERED that defendant Adrian Leyva Tamayo's objection to the magistrate judge's order **[ECF No. 78] is OVERRULED** and he is ORDERED to remain in custody pending trial.

_____
U.S. District Judge Jennifer A. Dorsey
April 6, 2021

---

[9] See ECF Nos. 66; 75 at 8.