# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Adrian Leyva Tamayo,<br><br>　　　　Defendant | Case No.: 2:20-cr-00194-JAD-DJA-2<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF No. 212] |

　　　　Defendant Adrian Leyva Tamayo is roughly 40 months into serving his 81-month sentence for identity theft and device fraud.  Tamayo moves for a two-point reduction in his sentence based on recent changes to the sentencing guidelines known commonly as Amendment 821.  His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with Tamayo's pro se calculations.  Because Tamayo's criminal-history category remains the same even with a two-point reduction under the guideline amendments, I deny his motion.

## Discussion

　　　　A court may reduce a defendant's sentence if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1]  The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them

---

[1] 18 U.S.C. § 3582(c)(2).

retroactively beginning in February 2024.[2] Under the newly amended § 4A1.1, a defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3] Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[4]

Tamayo argues that he has four criminal-history points and deserves a two-point reduction based on this amendment. He contends that two criminal-history points combined with his offense level of 25 would result in a 63–78-month sentencing range.[5] Tamayo's counsel asserts otherwise and notes that Tamayo doesn't qualify for a sentence reduction.[6] The disconnect here is that Tamayo understates his criminal-history points as four when he actually has six: because he committed his offenses while under a criminal-justice sentence, he received two additional status points that resulted in that six-point total.[7] Tamayo is correct that § 4A1.1 eliminates those two additional status points, but that reduction still leaves him with four points. So Tamayo remains in criminal-history category 3, resulting in the same sentencing range he

---

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).
[3] *Id*. at 60535.
[4] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.
[5] ECF No. 212.
[6] ECF No. 217.
[7] Presentencing Investigation Report at 17.

received originally: 70–87 months.[8]  The net result is that § 4A1.1 did not lower Tamayo's criminal-history category, so I deny his motion with prejudice.

### Conclusion

IT IS THEREFORE ORDERED that Adrian Leyva Tamayo's motion for a sentence reduction under Amendment 821 **[ECF No. 212] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
January 9, 2024

---

[8] U.S. Sent'g Guidelines Manual ch. 5, pt. A, Sentencing Table (U.S. Sent'g Comm'n 2023).