UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Adrian Levya Tamayo,<br><br>    Defendant | Case No.: 2:20-cr-00194-JAD-DJA-2<br><br>**Order Granting Motion for Reconsideration Regarding Criminal-History Point Reduction**<br><br>[ECF No. 238] |

Adrian Leyva Tamayo is roughly 53 months into an 81-month sentence for identity theft and device fraud. Last month, Tamayo moved pro se for "a court order reflecting his actual criminal-history score of 4 points."[1] But I denied his motion because Tamayo did not show that a sentencing court has the power to issue such an order so long after sentencing. The Federal Public Defender's Office then filed a motion for reconsideration on Tamayo's behalf, along with a Notice of Eligibility for Criminal History Point Reduction. Having reviewed that notice, I grant the reconsideration request and find that Tamayo's criminal-history points should be reduced by two, resulting in a total of four criminal-history points, but not changing his sentence in any way.

**Discussion**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has

---

[1] ECF No. 235 at 3 (cleaned up).

jurisdiction.[2]  A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[3] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[4]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[5]  And a motion for reconsideration may not be based on arguments or evidence that could have been raised previously.[6]

Here, reconsideration is warranted because the Federal Public Defender's (FPD) office has filed a notice explaining that Tamayo qualifies for a reduction of criminal-history points under General Order (GO) 2024-01.[7]  According to GO 2024-01, "[b]ecause criminal[-]history points may have administrative consequences for convicted defendants," requests for retroactive reduction of criminal-history points under Amendment 821 must be considered by courts in the District of Nevada "regardless of whether a reduction in criminal[-]history points would change the defendant's sentencing[-]guidelines range or reduce the defendant's sentence."[8]  The FPD's notice explains that Tamayo qualifies for a reduction of criminal-history points under

---

[2] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[3] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[4] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[7] ECF No. 236.

[8] General Order 2024-01 at 1–2 (D. Nev. June 28, 2024).

Amendment 821 and GO 2024-01 and asks that Tamayo's criminal-history points be reduced by two, resulting in a total of four criminal-history points.[9]

In my previous order, I found that Tamayo was correct that Amendment 821 eliminated two status points, and that reduction left him with four points.[10] But I also explained that Tamayo did not cite any authority for the proposition that the law allows the court to issue an order declaring that Amendment 821 results in a lower criminal-history score if that new score doesn't change the sentencing range.[11] Now that the FPD's office has kindly directed me to GO 2024-01, which supplies that authority, I find that a retroactive, two-point reduction in Tamayo's criminal-history points is warranted. His motion for reconsideration is therefore granted, and I direct the U.S. Probation Office to recalculate Tamayo's criminal-history points accordingly.

## Conclusion

IT IS THEREFORE ORDERED that Adrian Leyva Tamayo's motion for reconsideration **[ECF No. 238] is GRANTED**. Tamayo qualifies for a reduction in his criminal-history points under Amendment 821, so his criminal-history points are reduced to four. The U.S. Probation Office is directed to recalculate Tamayo's criminal-history points accordingly. But his sentence does not change.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2025

---

[9] ECF No. 236 at 1.
[10] ECF No. 237 at 2.
[11] *Id.* at 3.